**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

FILED
**United States Court of Appeals
Tenth Circuit**

**January 6, 2023**

**Christopher M. Wolpert
Clerk of Court**

CHARLES WHITTEN,

    Petitioner - Appellant,

v.

DEAN WILLIAMS; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 22-1180
(D.C. No. 1:20-CV-00453-DDD)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Charles Whitten, proceeding pro se, requests a certificate of appealability (COA)

to appeal from the district court's denial of his amended 28 U.S.C. § 2254 habeas

application.  We deny a COA and dismiss this matter.

**BACKGROUND**

A jury found Mr. Whitten guilty of charges of aggravated robbery and menacing

(Case No. 10CR3396) arising out of a bank robbery in Colorado Springs.  The trial court

determined he was a habitual criminal and sentenced him to a total of 176 years of

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment. The Colorado Court of Appeals (CCA) affirmed, and the Colorado Supreme Court (CSC) denied certiorari.

Mr. Whitten then filed a state post-conviction proceeding under Colorado Rule of Criminal Procedure 35(c), which the trial court denied. As with the direct appeal, the CCA affirmed, and the CSC denied certiorari.

Mr. Whitten next filed a § 2254 application and then an amended § 2254 application in federal court. The amended application set forth sixteen claims of ineffective assistance of trial counsel and two claims of due process violations. However, Mr. Whitten almost immediately withdrew Claims 12 through 16 because he had not exhausted them. By order of the federal district court, the state filed a pre-answer response addressing potential affirmative defenses for the remaining claims. It asserted that the application was not second or successive, that it appeared to be timely, and that Mr. Whitten had exhausted Claims 1 through 11 by raising them in his state post-conviction appeal and Claims 17 and 18 by raising them in his direct appeal. The district court then directed the state to file an answer addressing the remaining claims on the merits, and it did so. Ultimately the district court denied the application on the merits. Mr. Whitten now seeks a COA to appeal.

## DISCUSSION

### I.     COA and Legal Standards

Mr. Whitten must obtain a COA to appeal from the district court's denial of his § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where, as

here, the district court denied the claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), our review of state-court decisions is deferential. *See, e.g.*, *Pacheco v. El Habti*, 48 F.4th 1179, 1192 (10th Cir. 2022). When a state court has adjudicated a claim on the merits, the federal courts can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Also, "a determination of a factual issue made by a State court shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1). "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of a habeas petitioner's request for COA." *Pacheco*, 48 F.4th at 1192 (internal quotation marks omitted).

## II.   Ineffective-Assistance Claims

Claims 1 through 16 alleged Mr. Whitten's trial counsel was ineffective. As stated, Mr. Whitten withdrew Claims 12 through 16, leaving Claims 1 through 11 for adjudication by the federal district court.

### A.    Legal Standards

For ineffective-assistance claims, the "clearly established Federal law" is *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Id.* at 687.  The performance prong requires a defendant to show counsel's performance "fell below an objective standard of reasonableness."  *Id.* at 688.  The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

On habeas review, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotation marks omitted).  Further, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.*  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks omitted); *see also Wood v. Carpenter*, 907 F.3d 1279, 1289 (10th Cir. 2018) ("[A] state court's application of federal law is only unreasonable if all fairminded jurists would agree the state court decision was incorrect." (internal quotation marks omitted)).

4

### B.     Mr. Whitten is not entitled to a COA.

The CCA rejected Mr. Whitten's ineffective-assistance claims by stating:

> Defendant next contends that his trial attorney performed ineffectively by failing to (1) adequately present a motion to suppress evidence; (2) consult with an expert; (3) adequately cross-examine State witnesses; and (4) raise the issue of prosecutorial misconduct. We reject defendant's claims because defendant cannot meet the prejudice prong of *Strickland*. In other words, defendant cannot show a reasonable probability that, but for these omissions by counsel, the outcome of the case would have been different.

R. Vol. I at 359 (citation omitted). The CCA explained that it reached its conclusion based on "overwhelming evidence" against Mr. Whitten, *id.*, which it went on to describe. It further stated, "Conversely, defendant has come forward with no evidence that would have changed the outcome of this case." *Id.* at 362.

The federal district court treated Claims 1 through 3 differently than Claims 4 through 11. Perceiving that the CCA had not expressly addressed Claims 1 through 3, it "looked through" the CCA's opinion to the decision of the state trial court on those claims. *Id.* Vol. II at 520-22. We disagree with this approach. Consistent with the briefing before it, the CCA broadly summarized the first ineffective-assistance claim as contending that counsel failed to "adequately present a motion to suppress evidence." *Id.* Vol. I at 359. As briefed, however, this category included the allegations that counsel "fail[ed] to adequately investigate and present the motion to suppress evidence"; failed to "adequately challeng[e] the search warrants on the basis of conflicting statements"; and "fail[ed] to challenge the recovered gun and case." *Id.* at 324-25. These are the circumstances addressed in Claims 1 through 3. We therefore see no reason to think that

the CCA's discussion applies only to Claims 4 through 11.  Accordingly, the appropriate evaluation for all of the ineffective-assistance claims is the reasonableness of the CCA's determination that Mr. Whitten failed to satisfy *Strickland*'s prejudice prong.[1]

The CCA appropriately identified *Strickland* as the relevant legal standard, and no reasonable jurist would debate whether its decision was contrary to or an unreasonable application of *Strickland*.  No reasonable jurist would think it unreasonable for the CCA to conclude that Mr. Whitten failed to show prejudice in light of the overwhelming evidence in the record.  *See Mays v. Hines*, 141 S. Ct. 1145, 1149 (2021) (faulting federal appellate court's failure to defer to state court's decision that applicant failed to show prejudice in light of overwhelming evidence).

Further, no reasonable jurist would debate whether the CCA's decision was an unreasonable determination of the facts in light of the record.  Mr. Whitten extensively challenged the ten pieces and categories of evidence the CCA identified.  The federal district court examined the record, concluding with regard to each piece or category that Mr. Whitten had not overcome § 2254(e)(1)'s presumption of correctness.  It further explained weaknesses in Mr. Whitten's position, including reliance on speculation and conjecture.  Before this court, Mr. Whitten again challenges the evidence cited by the CCA.  But his arguments do not undermine the district court's thorough examination of

---

[1] Any error by the district court in evaluating the state post-conviction court's decision rather than the CCA's decision for Claims 1 through 3 does not warrant granting a COA.  Ultimately, no reasonable jurist would debate whether Mr. Whitten is entitled to habeas relief on his ineffective-assistance claims under § 2254(d)(1) or (2).

the record.  He has not shown that reasonable jurists would debate the determination that he failed to overcome the presumption of correctness.

## III.    Due Process Claims

Claims 17 and 18 alleged due process violations.  Mr. Whitten does not request a COA for Claim 18, leaving only Claim 17 for our consideration.  In Claim 17, he challenged the state court's admission of evidence from a separate witness-intimidation case and evidence indicating he was on parole at the time of the robbery.

Because "federal habeas review is not available to correct state law evidentiary errors," Mr. Whitten "is entitled to relief only if an alleged state-law error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012) (brackets and internal quotation marks omitted).  Only evidence that "is so extremely unfair that its admission violates fundamental conceptions of justice" fails the test of "fundamental fairness." *Dowling v. United States*, 493 U.S. 342, 352 (1990) (internal quotation marks omitted).  "Because a fundamental-fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must tread gingerly and exercise considerable self-restraint." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (brackets and internal quotation marks omitted).

### A.    Evidence of Witness Intimidation

The CCA upheld, under Colorado Rule of Evidence 404(b), the admission of evidence from a separate case charging that Mr. Whitten had intimidated witnesses in the robbery case.  After describing the evidence, the CCA held, "[t]his evidence that Whitten

attempted to influence the testimony of numerous witnesses who provided significantly inculpatory testimony is highly probative of a consciousness of guilt, and therefore highly probative that Whitten committed the charged offenses." R. Vol. I at 283-84. It found itself "unable to say that the probative value is substantially outweighed by the danger of unfair prejudice," *id.* at 282, and it further found that the state "did not exploit the unfair prejudice of the evidence," *id.* at 284. The federal district court concluded that admitting the evidence of witness intimidation did not make Mr. Whitten's trial fundamentally unfair because it "was probative as to the witnesses' credibility and Mr. Whitten's consciousness of guilt." *Id.* Vol. II at 546.

"[T]he fundamental-fairness inquiry requires [the court] to look at the effect of the admission of the evidence within the context of the entire trial. Doing so requires weighing the relevance of the challenged evidence against its prejudicial value, in light of the other evidence against the petitioner." *Johnson v. Martin*, 3 F.4th 1210, 1230 (10th Cir. 2021) (brackets, citation, and internal quotation marks omitted), *cert. denied*, 142 S. Ct. 1189 (2022). Reasonable jurists would not debate the conclusion that the evidence was relevant and not unduly prejudicial. That is even more true in light of the record as a whole. *See id.* at 1231 ("Where evidence against a defendant is strong, the likelihood that erroneously admitted evidence will have an unduly prejudicial impact is lessened."). Further, to the extent Mr. Whitten complains about the failure to give a limiting instruction, no reasonable jurist would debate the determination that the omission of such an instruction did not make the trial fundamentally unfair.

8

**B.    Evidence Related to Parole Status**

The CCA also upheld, under Colorado Rules of Evidence 402 and 403, the admission of evidence that Mr. Whitten was wearing an ankle monitor and was not within range of the monitoring box at the time of the robbery.  The CCA held that the ankle-monitor evidence was admissible as "evidence of Whitten's whereabouts at the time of the robbery."  R. Vol. I at 287.  It concluded that the probative value was not outweighed by the danger of unfair prejudice, given that Mr. Whitten's parole status was not mentioned and the exhibits contained only one abbreviated reference to the Colorado Department of Corrections.  The federal district court held that the admission of evidence related to Mr. Whitten's parole status did not make the trial fundamentally unfair because the evidence was relevant and Mr. Whitten failed to show that any prejudice rose to the level of being unfair.

As with the intimidation evidence, reasonable jurists would not debate the determination that the ankle-monitoring evidence was relevant and not unduly prejudicial.  *See Johnson*, 3 F.4th at 1230.  Again, this is particularly true in light of the record as a whole.  *See id.* at 1231.

## CONCLUSION

We deny a COA and dismiss this matter.  We grant Mr. Whitten's motion to proceed without prepayment of costs and fees.

Entered for the Court

Bobby R. Baldock
Circuit Judge